UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **C P** | **CASE NO. 2:24-CV-01615** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DEFENDANT 1** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

This matter, originally filed in state court, concerns sensitive subject matter—namely, the alleged sexual abuse of plaintiff by a member of the clergy nearly 30 years ago, when plaintiff was a young child. The original complaint [doc. 1, att. 4, pp. 1–6] contained redactions and pseudonyms to protect the plaintiff's identity. Subsequently, however, plaintiff filed an amended complaint identifying himself and the alleged perpetrator. *Id.* at 8–9. At the agreement of the parties, the state court placed the entire matter under seal. *Id.* at 135, 138.

Defendants then removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. The state court sealing order, however, does not automatically extend to this court.[1] Instead, a district court "must use caution in exercising its discretion to place records under seal" and balance the public's common law right of access against the interests favoring nondisclosure. *United States v. Holy Land Fdn. for Relief & Dev.*,

---

[1] Federal law governs sealing even when a state law addresses the records at issue. *See Haynes v. Haggerty*, 2020 WL 2557230, at *5 (D. Vt. May 19, 2020) (collecting cases).

624 F.3d 685, 689–90 (5th Cir. 2010); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).

As the Fifth Circuit recently noted, "[j]udicial records belong to the American people; they are public, not private documents" and "[p]roviding access to judicial records is the duty and responsibility of the Judicial Branch." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). Accordingly, the duty to balance interests and carefully review a sealing request applies even when the parties jointly desire that the matter should be sealed. *Id.* at 420–21. To this end, "the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *June Medical Servs., LLC v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (internal quotations omitted). The burden is on the party or parties requesting sealing to overcome the "strong presumption" in favor of public access. *Fields v. City of Sherman, Tex.*, 2018 WL 11339879, at *1 (E.D. Tex. Nov. 28, 2018) (quoting *Holy Land Fdn.*, 624 F.3d at 690).

Even the "highly sensitive nature" of child sexual abuse allegations does not presumptively outweigh the right to public access. *Haynes*, 2020 WL 2557230, at *6 (citing *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019)). Accordingly, courts in such cases have sealed documents to protect the identities of minor victims but have generally not extended the same protections to adult defendants accused of the abuse. *Id.*; *see also Demaree v. Pederson*, 887 F.3d 870, 885 (9th Cir. 2018) (sealing not warranted for summary judgment order in case involving social workers' intervention on child sexual abuse allegations, where order was already redacted to remove identifying information children); *Sinclair v.*

*Brill*, 815 F.Supp. 44, 52 (D.N.H. 1993) (privacy interests of defendant accused of child sex abuse were insufficient to "withdraw from public scrutiny the judicial process that has occurred and will occur in this case."). Here the proper balance may be struck by redacting any exhibits that would identify the plaintiff and filing the unredacted versions under seal. The defendants, however, are not entitled to any such protection given the strong public interest in a trustworthy and open judicial process. Accordingly,

**IT IS ORDERED** that the state court record [doc. 1, att. 4] and any other attachments to the Notice of Removal that name the plaintiff/alleged victim be **SEALED**.

**IT IS FURTHER ORDERED** that defendants redact that record to remove all information identifying the plaintiff's name and file it as a separate exhibit to the Notice of Removal [doc. 1], which will not be sealed.

**FINALLY, IT IS ORDERED** that plaintiff file a Third Amended Complaint, restating the allegations in full and properly identifying the defendants in this matter but redacting his own name/identifying himself only by initials or a pseudonym. All future filings and exhibits in this suit should follow the same guidelines, with a motion to seal to accompany any document that must be filed in unredacted form. The parties are to comply with this order by **December 4, 2024.**

**THUS DONE AND SIGNED** in Chambers on the 26th day of November, 2024.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE