UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **C P** | **CASE NO. 2:24-CV-01615** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SOCIETY OF ROMAN CATHOLIC DIOCESE OF LAKE CHARLES** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is a "Motion for Certificate of Appealability" [doc. 25] filed by defendant in this clergy sex abuse case. Specifically, defendant seeks leave to file an interlocutory appeal of the undersigned's ruling [doc. 23] denying its Motion to Dismiss, which raised constitutional challenges to Louisiana laws reviving the prescriptive period for certain sex abuse claims. Plaintiff opposes the motion. Doc. 27.

"The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals." *Clark-Dietz & Assocs. Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). Under 28 U.S.C. § 1292(b), a court may certify an interlocutory appeal when "(1) a controlling question of law is involved, (2) there is substantial grounds for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007). "Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed." *Fannie Mae v. Hurst*, 613 F. App'x 314, 318 (5th Cir. 2015) (quoting *Allen v. Okam Holdings, Inc.*, 116

F.3d 153, 154 (5th Cir. 1997)). Such appeals are therefore only authorized in "exceptional cases" when all three statutory criteria are satisfied. *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985).

In denying defendant's Motion to Dismiss, the court considered all of its constitutional challenges to the revival provisions. In relevant part, defendant argued that the revival of a prescribed claim amounted to a violation of the Takings Clauses of the Louisiana Constitution and United States Constitution. The court rejected the challenge under state law and noted as to the federal challenge:

> Likewise, federal courts have noted that "property" under the Fifth Amendment's Takings Clause is a term of art "defined much more narrowly than in the due process clauses." *Corn v. City of Lauderdale Lakes*, 95 F.3d 1066, 1075 (11th Cir. 1996) (citing *Pittman v. Chicago Bd. of Educ.*, 64 F.3d 1098, 1104 (7th Cir. 1995)). This narrow reading comports with the Clause's aim, "to prevent the government 'from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.'" *Eastern Enterps. v. Apfel*, 524 U.S. 498, 522 (1998) (quoting *Armstrong v. United States*, 364 U.S. 40, 49 (1960)). Indeed, the United States Supreme Court has found the revival of time-barred or prescribed claims constitutional without ever mentioning the Takings Clause. *See Campbell v. Holt*, 115 U.S. 620 (1885); *Chase Sec. Corp. v. Donaldson*, 325 U.S. 304 (1945).
>
> A plurality of the Court recognized in *Eastern Enterprises* that allocation of liability to a former coal operator under a fund for medical expenses of miners and their dependents amounted to a sort of taking. 524 U.S. at 522–23, 538. It based this finding on three factors: "[t]he economic impact of the regulation, its interference with reasonable investment backed expectations, and the character of the government action." *Id.* at 523–24. Weighing these factors, the plurality stated that its decisions "left open the possibility that legislation might be unconstitutional if it imposes severe retroactive liability on a limited class of parties that could not have anticipated the liability, **and** the extent of the liability is substantially disproportionate to the parties' experience." *Id.* at 528–29 (emphasis added).
>
> Here the Diocese is not being asked to bear a public burden but is instead facing a larger window for previously prescribed claims arising from allegations of sexual assault by members of its clergy against minors. This

> liability is not disproportionate to its experience; on the contrary, any such cases filed within the window will be fairly adjudicated and the Diocese will only face liability where appropriate under state law. And as emphasized by the court in *Bienvenu II*, the revival provisions serve legitimate public purposes of (1) assisting in the identification of hidden child predators so children will not be abused in the future; (2) shifting the cost of abuse from the victims and society to the perpetrators; and (3) educating the public in order to prevent future sex abuse scandals. 386 So.3d at 291 (citing May 3, 2021 House Bill 492 Hearing, 2021 Reg. Sess., pp. 6–7). To indemnify the Diocese or otherwise shield it from claims brought under the revival provisions would defeat these purposes. Accordingly, the Diocese cannot establish a Takings Clause violation.

Doc. 23, pp. 7–8.

The Takings Clause challenge is a controlling issue of law that might invalidate the revival provision under which plaintiff brings his claim. The recognition of a potential taking under this scenario by the plurality in *Eastern Enterprises* opens the door to the test described above, which creates an issue of first impression for courts in this circuit. The undersigned believes that the legitimate justifications for the revival provisions and the fact that the Diocese is only being called to respond to such claims in a fair forum, rather than automatically assessed liability, prevent it from satisfying the factors set forth in *Eastern Enterprises*. But reasonable minds may differ, and allowing this suit to proceed to judgment before any other court has a pass at the constitutional arguments could result in undue delays for this plaintiff and others. Additionally, resolution of these issues by a higher court at the early stages of this litigation may materially advance the termination of the case by making settlement more likely.

Defendant requests that the court certify individual questions from its prior motion for appeal. But "[u]nder § 1292(b), it is the order, not the question, that is appealable."

*Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 398 (5th Cir. 2010). Accordingly,

**IT IS ORDERED** that the "Motion for Certificate of Appealability" [doc. 25] is **GRANTED** and that the court's Memorandum Ruling [doc. 23] denying defendant's Motion to Dismiss [doc. 9] is hereby **CERTIFIED** for interlocutory appeal under 28 U.S.C. § 1292(b).

**THUS DONE AND SIGNED** in Chambers on the 8th day of April, 2025.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE